STATE *ex rel.* etc. *v.* JAMES L. GAINES, Comptroller.

CONSTITUTIONAL LAW. *Salary of Adjutant General.* The Constitution
of 1870, Art. 2, section 17, provides: "All acts which repeal, revive,
or amend former laws, shall recite in their caption, or otherwise, the
title or substance of the law repealed, revived, or amended." By act
of 1873, ch. 49, the duties of Adjutant General are prescribed, and
his salary fixed at $150 per month; by the act of 1877, ch. 171, en-
titled an act to defray the current expenses of the State for the next
two years and three months, the salary of the Adjutant General is
fixed at $100 per month, and it is provided that all laws in conflict
with the act be repealed, and all laws providing a salary for any
officer named in the act in excess of the amount appropriated for said
officer, are so modified as to conform with the act. *Held*, that the
last act was a constitutional amendment of the previous act, to the
extent of lowering the salary of the Adjutant General.

FROM DAVIDSON.

Appeal in error from the Circuit Court of Davidson
county. F. T. REID, J.

LYTTON TAYLOR for Hamby and Porter.

ATTORNEY GENERAL LEA for Gaines.

COOPER, J., delivered the opinion of the court.

Petition for a *mandamus* to compel the Comptroller
of the State to issue warrants on the State treasury,
in favor of the relators, for supposed arrears of salary.

The relator, W. R. Hamby, was, on the 18th of
January, 1875, appointed to the office of Adjutant
General, and discharged its duties until the 19th of

June, 1875, when he resigned.     The relator, Charles
D. Porter, was thereupon appointed Adjutant General,
and held the office until the 22d of January, 1879.
By the act of the General Assembly of 1873, ch. 49,
it is provided that the Adjutant General shall have
charge of the military records, shall perform all the
duties of the office, shall also be private secretary of
the Governor, and as such shall perform all the cler-
ical duties of the Executive Department, not enjoined
by law on the Secretary of State, and shall receive
as compensation the sum of $150 per month, payable
out of the treasury upon the warrants of the Comp-
troller.     By the act of 1877, ch. 171, which is en-
titled " An act to defray the current expenses of this
session of the General Assembly, and to defray the
current expenses of the State government for the next
two years and three months," it is provided that an
appropriation be made for the salary of the Adjutant
General at $1,200 per annum.     The act then, by sec-
tion 21, provides thus: " That all laws and parts of
laws in conflict with this act be and the same are
hereby repealed; and all laws providing a salary for
any officer named in this act in excess of the amount
herein appropriated for said officer, are so modified as
to conform to this act."

The Comptroller paid the relators the sums due to
them respectively at the rate of salary fixed by the
last act.     The object of the present suit is to obtain
the additional amount given by the act of 1873.
The Circuit Judge sustained the application, and the
Comptroller has appealed.

The claim of the relators is rested upon the ground that the act of 1877, so far as it relates to the salary of Adjutant General, is unconstitutional, because not in accordance with the requirements of the Constitution of 1870, art. 2, sec. 17. That section reads thus: "All acts which repeal, revive or amend former laws, shall recite in their caption, or otherwise, the title or substance of the law repealed, revived, or amended."

The object of this provision of the Constitution was to prevent improvident legislation, and to direct the attention of the members of the Legislature to the existing law, and the proposed change. It requires a recital in the caption "or otherwise," which can only mean the preamble or body of the act, of the "title or substance" of the law affected. The "title" of the act of 1873 is no where mentioned in the act of 1877. The "substance" of the act of 1873 consists of the detail of the duties of the Adjutant General, and the fixing of his compensation. The act of 1877 does not purport to repeal the act of 1873. It only purports to amend that act by lowering the salary of the Adjutant General, repealing so much of it as provides a salary for that officer in excess of the amount appropriated, and modifies it accordingly. In substance, it amends the previous act by changing the salary, leaving it in full force in other respects, namely in regard to the duties of the Adjutant General. Obviously, the Constitution, by the section cited, did not mean to require a recital of the substance of an act so far as it is not repealed or amended. That

would be useless. What it did mean was to have the "substance" of that part of the act which is to be repealed or amended, recited, so that the Legislature may understand the effect of its action. The "substance" of that part of the act of 1873 which is amended by the act of 1877 is the amount of salary. And the question comes to this, does an act which fixes the salary of an officer at a given sum per month, and in the body of it expressly repeals or amends all previous acts which give a salary in excess of the specific amount appropriated, contain a recital of the "substance" of a previous act which does give a higher salary? Thus put, the answer is too obvious to require further discussion. And to require a more specific recital would be useless for the purposes intended by the provision of the Constitution, and would unnecessarily hamper legislation.

The judgment must be reversed, and the petition dismissed with costs.