H. M. GAMBLE *v.* STATE.

(*Nashville.* December Term, 1928.)

Opinion filed July 19, 1929.

THOS. H. KEATON and NEWELL N. FOWLER, for plaintiff in error.

NAT TIPTON, Assistant Attorney-General, for the State.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

The plaintiff in error was convicted under chapter 42 of the Acts of 1927 and sentenced to five years in the penitentiary.

Since the constitutionality of the Act is questioned, it follows, together with its caption:

"An Act to amend the Code of Tennessee entitled 'An Act to revise the statutes of the State of Tennessee,' passed by the General Assembly of 1857-8, particularly Section 4666, relating to the subject of Arson, same being Section 6529 of Shannon's Annotated Code.

"Section 1. Be it enacted by the General Assembly of the State of Tennessee, That Section 4666 of the Code of Tennessee referred to in the caption hereof (being Section 6529 of Shannon's Annotated Code) be and the same is hereby amended so as that the same shall read 'any person who wilfully and maliciously sets fire to or burns, causes to be burned, or who aids, counsels or procures the burning of any house or outhouse, or any building, or any other property, of himself or another, is guilty of arson, and shall be punished by confinement in the penitentiary for not less than five nor more than twenty-one years.

"Section 2. Be it further enacted, That all laws and parts of laws in conflict herewith be repealed, and that this Act take effect from and after its passage, the public welfare requiring it."

■ We have discussed the proof orally and the evidence was entirely sufficient to sustain the verdict of the jury. The plaintiff in error was the owner of a house and lot in Memphis subject to a mortgage. He had insurance on his house and furniture amounting to $4500. By reason of the location of a Holy Roller Church next door, the place had become undesirable as a residence. The house was discovered to be on fire by neighbors, in the middle of the night, and a fire alarm turned in. The fire department responded promptly and found the house burning in three disconnected places. They finally detected an odor of gasoline or kerosene. Subsequent investigation disclosed pieces of partially burnt kindling around one place where the fire was burning.

A search of the house by the fire marshals showed that it had been stripped of a great part of its furnish-

ings of value. The tableware, bed clothing, rugs, curtains, and practically all of the wearing apparel of plaintiff in error, his wife and child, had been removed. Some of this was found in a trunk at one of the railroad stations and some was found at the home of a relative in Memphis. No satisfactory explanation was offered as to why all these things had been removed from the house.

In addition to this, plaintiff in error and his wife had taken their baby at the time of the fire to spend the night with a relative. The excuse given for this was that the child had been sick and the mother needed some rest. It is argued, however, for the State that the mother would have been unlikely to separate herself from her sick baby.

Moreover, the plaintiff in error and his brother-in-law, who were in the house on the night of the fire, after they were arrested by the officers, made detailed confessions that plaintiff in error had set fire to the premises.

 It is insisted that the Act of 1927 above quoted is unconstitutional for three reasons:

*(a)* Because it fails to recite in its caption or otherwise the substance of the laws amended. This criticism is not well founded. It was long since decided by this court that a reference to a law to be amended or repealed by section number of the Code of 1858 was a sufficient compliance with this provision of the Constitution. *State* v. *Runnels,* 92 Tenn., 320.

*(b)* Because, inasmuch as the Act purports to amend the Code provision with reference to arson and makes the wilful and malicious burning of any property criminal, the body of the Act is broader than the caption. We think this criticism is not well made. The caption proposes an Act to revise section 4666 of the Code of

1858. To revise means to correct, to amend, to change. So that the caption clearly foreshadows an Act that is to be different or broader than the original statute relating to arson—not a statute, limited in scope, like the old arson statute. A more comprehensive statute was naturally to be inferred from the caption.

(c) Because the body of the Act repeals or amends statutes other than the arson statute without reference to them in its caption or otherwise. Any such effect on other statutes is by implication and this objection is without force.

It is earnestly insisted on behalf of the plaintiff in error that the confessions procured from his brother-in-law and himself were obtained by promises of reward and were therefore inadmissible. The officers deny this and the trial judge sustained the contention of the officers. No mistreatment of the plaintiff in error nor of his brother-in-law was charged. It is said that the officers told them that it would be easier on them if they confessed.

It does not seem necessary to consider this objection. The evidence pointing to an incendiary fire through the agency of occupants of the house is so strong that the confessions can well be disregarded. The other testimony must have satisfied the jury of the guilt of the plaintiff in error and the confessions therefore could scarcely have affected the result.

Some criticism of the charge is made which does not seem material. Likewise, complaint is made that certain requests were refused but the record does not disclose that these requests were seasonably offered at the conclusion of the main charge.

We find nothing on the record to warrant a reversal and the judgment below must be affirmed.