CORA TIDWELL *v.* CHATTANOOGA BOILER AND TANK CO.*

(*Knoxville,* September Term, 1931.)

Opinion filed January 25, 1932.

LYNCH, BACHMAN, PHILLIPS & LYNCH, for plaintiff in error.

---

*The original opinion in this case is reported at page 420.

RANKIN, FRAZIER & ROBERTS, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

A petition to rehear is filed in which we are asked to remand this cause for further proof and another hearing. The case was tried on a stipulation of facts and our attention is called to certain details of the opinion which it is said are inaccurate and may be ascribed to the meager stipulation. These matters, however, are unimportant and another trial is not required.

It makes no difference upon what ground the District Court of the United States dismissed the suit of the state of Ohio against defendant, so long as the merits of the claim were not involved. Neither does it matter that the award of the Industrial Commission of Ohio was made after appearance of defendant before that tribunal rather than upon default of appearance by defendant, inasmuch as defendant has relied on that proceedings and award to escape liability herein.

We are satisfied with our conclusion that petitioner by her recovery in Ohio precluded herself from recovery in Tennessee. Under the law of Tennessee she might have recovered compensation in a proceedings directly against defendant. Under the law of Ohio she was held entitled to a recovery for which the defendant is ultimately liable by the statute of that state. Section 1465-74, Compensation Law of Ohio. Under the law of either state, recovery of compensation in that state seems to be prevented by recovery of compensation in another state. An application for compensation in the one state

is inconsistent with an application for compensation in the other state.

We are asked further for a more definite expression as to the liability of defendant to the state of Ohio. We suggested in the opinion, noticing an argument made, that, upon principles of estoppel, defendant's way of escape from the Ohio award was not apparent, since it had relied on that award to defeat liability herein. *Davis v. Wakelee,* 156 U. S., 680, 39 L. Ed., 578.

A recovery of compensation in Tennessee by petitioner would no doubt have required the Industrial Commission of Ohio at least to discontinue further payments to the petitioner out of the insurance fund of that state. The state of Ohio, as it seems to us, standing in the attitude of a guarantor or insurer, may hereafter invoke the defendant's position in this suit against its challenge of the Ohio award. The liability of the defendant to the state of Ohio, however, is not for us to decide.

Petition to rehear denied.