BASHAM *v.* SOUTHEASTERN MOTOR TRUCK LINES, INC.

(*Nashville,* December Term, 1946.)

Opinion filed May 3, 1947.

Roberts & Roberts and Z. T. Osborn, Jr., both of Nashville, for plaintiff in error.

Charles Campbell Brown, of Nashville, for defendant in error.

Mr. Chief Justice Chambliss delivered the opinion of the Court.

This is a suit brought in the circuit court of Davidson County by Angie Amelia Basham, widow, a resident of

Nashville, Tennessee, to recover damages for the negligent death of her husband. She declares that her deceased husband was regularly employed by the defendant Southeastern Motor Truck Lines, Inc., a Tennessee corporation with its principal office in Nashville, as a truck driver; that the defendant was engaged in the business of operating interstate a line of trucks for the hauling of freight; that while driving one of defendant's trucks from Atlanta, Georgia, to Nashville on the night of November 12, 1945, when south of Adairsville, Georgia, because of defective construction and improper location of the gasoline tank, the gasoline became ignited, and because of defective brakes the deceased could not stop the truck promptly and an explosion and fire occurred in which the deceased was burned to death. The duty the defendant owed to the deceased and its failure to discharge that duty in respect to the construction, care, repair and inspection of this truck are appropriately charged in the declaration.

To this declaration the defendant demurred, as follows: "The Declaration shows upon its face the injury and death complained of therein are within the coverage of the Workmen's Compensation Law of the State of Tennessee; the remedy afforded by said Workmen's Compensation Law being exclusive, and this action being therefore barred."

The trial judge sustained the demurrer and dismissed the suit and plaintiff appeals and assigns this action as error, specifying, but inadequately, (1) that Chapter 120, Acts of 1943, is unconstitutional and void, (2) that if construed to be of extra-territorial effect and to apply to this case said chapter is unconstitutional and void, and (3) that the Workmen's Compensation Act, Code 1932, sec. 6851 *et seq.,* does not apply under the facts of this case.

This assignment fails to point out any reason for the alleged unconstitutionality of this Act; it does not fairly present the points relied on, and does not comply with our rule 14.

However, we have looked to the brief and argument, from which it appears that the chapter above cited is challenged as unconstitutional upon the ground, first, that "The caption or title thereof fails to cite the title or substance of the law it seeks to amend," as required by Article 2, Sec. 17, of our Constitution.

The caption reads: "An Act to amend Section 6856 of the Official Code of the State of Tennessee." The argument appears to be that this caption, with its citation of the Code section only, fails to direct the attention of the legislators to the existing law and the proposed change and thus leaves open the way for enactment of statutes whose effect is unknown to the legislators and the public. *State ex rel.* v. *Gaines,* 69 Tenn. 734; *Home Insurance Co.* v. *Taxing District,* 72 Tenn. 644; *Mayor, etc., of City of Knoxville* v. *Lewis,* 80 Tenn. 180; *Memphis Street Ry. Co.* v. *State,* 110 Tenn. 598, 75 S. W. 730.

The pertinent part of Article 2, Sec. 17, reads: "All acts which repeal, revive or amend former laws, shall recite in their caption or otherwise, the title or substance of the law repealed, revived or amended."

That an Act which fails to comply with this constitutional requirement is invalid needs no argument, but it is well settled that a reference in the caption to the section of the Code of Tennessee proposed to be amended is sufficient to comply with the requirements of Section 17, Article 2, of the Constitution. *State* v. *Runnels,* 92 Tenn. 320, 21 S. W. 665; *Gamble* v. *State,* 159 Tenn. 446, 19 S. W. (2d) 279; *Texas Co.* v. *Fort,* 168 Tenn. 679, 80 S. W. (2d)

658, 659. The Code of 1932 is now the "Official Code of the State of Tennessee."

Counsel argue at length, and earnestly, that such a reference is uninforming and fails to satisfy the purpose of the requirement, but this specific question has been too long settled to admit of further debate. In the last case above cited it was said: "We understand counsel for appellants to concede that reference to the sections of the Code of 1932 is a sufficient recital of the title of the act to be amended to satisfy the requirement that the amendatory act shall recite the title of the law to be amended. As said in *Gamble* v. *State,* 159 Tenn. 446, 19 S. W. (2d) 279, 280, this 'was long since decided.' *State* v. *Runnels,* 92 Tenn. 320, 21 S. W. 665."

█ In this connection it is insisted that Chapter 120 of the Acts of 1943 is a repealing and not an amending Act; that it should have been entitled "An Act to repeal" and not "An Act to amend." We fail to see the materiality of this alleged difference. The constitutional provision invoked applies equally and alike to "all acts which repeal, revive or amend former laws." In so far as the application of this requirement goes, and it is that with which we are here concerned, it would seem to be unimportant whether the Act under consideration be one or the other. It frequently happens that an Act overlaps and reaches out into the domains of both amendment and repeal, and it may be conceded that the instant Act operates both to repeal and to amend. This is a common occurrence and presents no objectionable difficulty.

Before the enactment of this amendment the opening clause of Code Section 6856, a part of the Tennessee workmen's compensation law, read: "This law shall not apply to whom.—This chapter shall not apply to: (a) Any common carrier doing an interstate business while en-

gaged in interstate commerce.'' Other exemptions are provided in later subsections, with which we are not here concerned.

Chapter 120, Acts of 1943, purports to amend section 6856 by striking out all of subsection (a) of said section and inserting in lieu thereof a new subsection, reading as follows: ''(a) Any common carrier doing an interstate business while engaged in interstate commerce which common carrier and such interstate business is already regulated as to employer's liability or workmen's compensation by Act of Congress of the United States—it being the purpose of this Act to regulate all such business which the Congress has not regulated in the exercise of its jurisdiction to regulate interstate commerce; provided, however, that this chapter shall apply to those employees of such common carriers *provided, however, that this chapter shall apply to those members of such common carriers* with respect to whom a rule of liability is not provided by Act of the Congress of the United States.

■ (We have italicized certain repetitious words which appear in the Act as published, but which quite obviously are meaningless and there by oversight. In accordance with approved rules of construction these words will be disregarded as meaningless surplusage. See *Wright* v. *Cunningham,* 115 Tenn. 445, 91 S. W. 293; *Riggins* v. *Tyler,* 134 Tenn. 577, 184 S. W. 860; *Brown* v. *Hows,* 163 Tenn. 138, at page 144, 40 S. W. (2d) 1017.)

■ This is a common form of amendment,—by substitution of new and different language with a different meaning. It is distinctly an amendment of section 6856. The amendment deals, as did the original subsection (a), with ''Any common carrier doing an interstate business while engaged in interstate commerce,'' and proceeds to

make provision for the special conditions set forth in the amendment.

■ Finally, counsel for plaintiff in error say that the Act is unconstitutional, to quote their language, ''by reason of (1) its infringement on the powers granted to the Congress of the United States in the Constitution of the United States to exclusively regulate interstate commerce, and (2) the Act, as construed, extends the provision of a law of this State beyond the territorial limits of this State, and it is thus beyond the power of the General Assembly of Tennessee to enact.''

Responding to the first of these contentions, we do not find here any attempt by the State to exercise powers which infringe upon or conflict with those now exercised by the Congress of the United States; and moreover, the amendment under consideration expressly limits its application, reading, ''it being the purpose of this Act to regulate all such business which the Congress has not regulated in the exercise of its jurisdiction to regulate interstate commerce.''

We have here a legislative disavowal of intention, by anything in this Act, to invade the Congressional domain. This is conclusive. ●

There is no contention that Congress has assumed jurisdiction over injuries to employees of such a common carrier as the defendant. Numerous decisions support the rule that where Congress has the power to regulate or control and fails to act, the several States may exercise that power. The opinion in the leading case, The Minnesota Rate Cases (*Simpson* v. *Shepard*, 230 U.S. 352, 33 S. Ct. 729, 57 L. Ed. 1511, 48 L. R. A. (N. S.) 1151, Ann. Cas. 1916A, 18), contains a full review and discussion of these respective limitations upon the States and the Federal Government and clearly supports the propo-

sition herinbefore stated. And see *McCanless et al.* v. *Southeastern Greyhound Lines, Inc., et al.*, 178 Tenn. 614, 162 S. W. (2d) 370, for our latest Tennessee opinion dealing with this question.

■ It may be well to cite also the Ohio case of *Spohn* v. *Industrial Commission*, 138 Ohio St. 42, 32 N. E. (2d) 554, 557, 133 A. L. R. 951, which dealt with the Workmen's Compensation Act of Ohio and, directly pertinent here, held, "Until such time as the federal Congress acts and pre-empts the field, the state of Ohio may require an Ohio employer engaged in operating a trucking line in interstate commerce to protect his employees under the Workmen's Compensation Act of this state." What is there said to be true of Ohio is likewise true of Tennessee.

■ The second contention of counsel for plaintiff in error appears to be that the State is limited in enforcement of this workmen's compensation law to its own territory and it has no extra-territorial power, etc. It seems to be assumed that we have here, in some degree, an attempt to exercise the State's police powers beyond its territorial bounds. To this we do not agree.

It is apparently conceded that this employer and the deceased employee were operating under the Tennessee Workmen's Compensation Act. We therefore have here a contractual relationship, entered into voluntarily, and we know of no reasons why such contract cannot be bindingly entered into and why recovery may not be had in this State and Court for a violation of this contractual obligation wherever the violation may take place.

What appear to us to be the determinative issues in the instant case were adjudicated by this Court in 1923, in the case of *Smith* v. *Van Noy Interstate Co.*, 150 Tenn. 25, 262 S. W. 1048, 1051, 35 A. L. R. 1409, wherein it was said: "We think the reasoning of the cases above cited is quite

applicable to the case at bar; that under our Workmen's Compensation Act the relation of employer and employee is contractual, and the terms of the act are to be read as a part of every contract of service between those subject to its terms; that on principle and in reason, and in view of the purpose of the act, it should be construed and held to include injuries arising out of the state as well as those arising within it. The cause of action of petitioner is *ev contractu,* and the *lex loci contractus* governs the construction of the contract and determines the legal obligations arising from it. The mere fact that under the contract of employment petitioner's work was to be outside the state is not controlling. The contract was made within the state, and according to the great weight of authority the *lex loci contractus* governs the construction of the contract and determines the legal obligations of the parties."

In the later case of *Employers' Liability Assur. Corp.* v. *Warren,* 172 Tenn. 403, 112 S. W. (2d) 837, we followed this ruling in applying the provisions of the Kentucky Act to an accident occurring in Tennessee.

We find no error and the judgment is affirmed.

All Justices concur.