PEOPLES SAVINGS AND LOAN OF NASHVILLE Co., and County
Savings and Loan Company of Chattanooga,

*v.*

DAVID M. PACK, Commissioner of Insurance and Banking,
and GEORGE F. McCANLESS, Attorney General.

467 S.W.2d 578

(*Nashville,* December Term, 1970.)

Opinion filed April 19, 1971

Petition on Rehearing Denied June 7, 1971

CECIL BRANSTETTER and PHILIP CARDEN, Nashville, for appellants.

C. HAYES COONEY, Assistant Attorney General, State of Tennessee, Nashville, for appellees.

W. OVID COLLINS, JR., Nashville, Intervenor for Tennessee Savings and Loan League, Inc.

298

PER CURIAM.

The Peoples Savings & Loan of Nashville Co. and the County Savings & Loan Company of Chattanooga filed their declaratory judgment suit against the Commissioner of Insurance and Banking and the Attorney General by which they sought to have decreed invalid as violative of both the State and Federal Constitutions Chapter 275 of the Public Acts of 1969, which they copied into their original bill, as follows:

"AN ACT to amend Tennessee Code Annotated, Section 45-2006.

"BE IT ENACTED BY THE GENERAL ASSEMBLY OF THE STATE OF TENNESSEE, That Tennessee Code Annotated, Section 45-2006, be deleted and the following substituted in lieu thereof:

"*42-2006. Corporate titles.* Every corporation incorporated or qualified under this Chapter shall be known as an Industrial Loan and Thrift Company, and may use the words 'Industrial Loan and Thrift Company' or any part thereof as part of its corporate title. It shall be unlawful for any company organized after July 1, 1968, and qualified under the provisions of this Chapter to use as a part of its company title the words 'savings and loan'. *Each company*

*organized prior to July 1, 1968, and using such words as a part of its company title, as a condition precedent to its registration or re-registration under Tennessee Code Annotated, 45-2011, shall agree to include with each use of its company title, in advertising the issuance or sale of certificates of investment or indebtedness, in lettering at least two-thirds the size of the lettering in its title and directly beneath the title so as to be plainly visible, the following addendum: '(not federally insured)'.*

"BE IT FURTHER ENACTED, That this Act take effect from and after its passage, the public welfare requiring it."

The effect of the enactment of Chapter 275 was to add to Section 45-2006 the last sentence which for convenience we have italicized. The complainants averred that they had been incorporated in 1964 and 1965, respectively, under the provisions of the Industrial Loan and Thrift Act (Chapter 20 of Title 45, T.C.A.); that each had expended large sums in advertising and promoting goodwill for their corporate names including the words, "savings and loan", and that they had acquired valuable property rights in their names and that the effect of Chapter 275 would be to deprive them of such rights without due process of law consistent with Article XI, sec. 8, of the Constitution of Tennessee and with the Fourteenth Amendment to the Constitution of the United States.

The complainants prayed for a temporary injunction prohibiting the defendant Commissioner from enforcing the Act against them pending the further orders of the court and that upon the hearing the complainants have

a declaratory decree declaring the Act "unconstitutional, void and of no effect insofar as it purports to deprive the complainants of the right to continue their business under their lawful corporate names after July 1, 1969, without adding negative words relating to insurance," and that upon the hearing the temporary injunction be made permanent.

Both defendants answered the bill by which they asserted the validity of the statute and by leave of the court the Tennessee Savings and Loan League, Inc., intervened and filed an answer by which they too contended for the validity of the statute.

After the hearing, which was upon oral testimony, the Chancellor decreed that Chapter 275 was not violative of either the Constitution of Tennessee or the Constitution of the United States and dismissed complainants' bill.

From the Chancellor's decree the complainants have appealed and have filed eight assignments of error, which we will consider in order.

■ (1) The appellants' first assignment is that the Chancellor erred in not holding that the statute, as it affects them, is void because the Commissioner refused the appellants' request to give them "guidelines". The appellants have cited no authority in support of this assignment, and since Chapter 275 does not require that the Commissioner construe it as a condition to its becoming effective, we overrule this assignment.

■ (2) By their second assignment the appellants insist that the Chancellor erred in failing to declare the statute void because its subject is not expressed in its caption and because its body is broader than its caption.

In *Industrial Development Board of County of Sevier v. First United States Corp.*, 219 Tenn. 156, 407 S.W.2d 457, we said:

> "The caption of the amendatory act meets the requirements of captions under settled decisions of Tennessee. Our courts have held that in captions of amendatory laws, a reference to the law to be amended by its section number of the Code wherein codified is sufficient compliance with Article II, Section 17, of the Constitution. *Gamble v. State*, 159 Tenn. 446, 19 S.W. 2d 279; *Basham v. Southeastern Motor Truck Lines*, 184 Tenn. 532, 201 S.W.2d 678; *Pharr v. Nashville C. & St. L. Ry. Co.*, 186 Tenn. 154, 208 S.W.2d 1013. The caption of the amendatory act in question refers to a section of the official annotated code of Tennessee to be amended and therefore meets all of the requirements of Article II, Section 17, under well-settled authorities hereinbefore cited."

This holding is our authority for overruling the second assignment.

▆ (3) The third assignment is that the Chancellor "erred in failing to hold that the complainants have vested property rights in their corporate names and the goodwill promoted thereunder." It must be noticed that the statute does not deny the complainants the right to use their corporate names but provides, rather, that when they use their names in their advertisements they must add the words "not federally insured". The Court takes judicial knowledge of the fact that throughout the State there are many Federal Savings and Loan Associations which are federally insured, and we hold that it is not an unreasonable exercise of the police power for the

General Assembly to enact legislation which will distinguish corporations organized under the Loan and Thrift Act from corporations having similar names and which are insured by an agency of the Federal Government. In *Ford Motor Company v. Pace,* 206 Tenn. 559, 335 S.W.2d 360, the Court said: "Legislative power is not static and helpless but arises to adjust and face new conditions as they appear to affect the people of the State. Of course, the Legislature of the State cannot prohibit an ordinary business but it may, however, regulate the business to promote the health, safety, morals or general welfare of the public." We overrule the third assignment of error.

(4) By their fourth assignment the appellants insist that the Chancellor committed error in failing to hold that the "complainants have a vested contract right to the perpetual use of their corporate names in their businesses." The statute does not prohibit the use by the complainants of their corporate names but regulates the use of the names of companies chartered under the Loan and Thrift Act, when such names include the words, "savings and loan", in their advertising. For the reason that we overruled the third assignment we overrule this one.

The appellants insist that by granting them charters that included the words "savings and loan" in their corporate names the State made a contract with them which the enforcement of Chapter 275 would violate. With this contention we do not agree. We direct attention to sec. 48-713, T.C.A., which was in effect when the State granted the complainants a Charter and which provides, "Nothing in this Chapter, or implied from any of its provisions, shall affect, alter or modify the general

police and taxing power of the legislature, or the right of the legislature to repeal, annul, modify or amend all charters granted hereunder." In *Liles v. Creveling*, 151 Tenn. 61, 268 S.W. 625, this Court held that "A contract cannot be interposed to defeat the exercise of the police power, neither can prescription."

(5) By the fifth assignment the appellants contend that the Chancellor erred in refusing to declare the Act invalid "insofar as it attached a prohibitive condition to the continued exercise of its right to use and advertise its lawful business in its corporate name." For the reason we overruled the appellants' fourth assignment we overrule this one.

(6) The sixth assignment is that the Chancellor erred in his failure to declare the Act "invalid as an attempt to grant a selected group an exclusive copyright in the commercial use of the words, 'savings and loan,' contrary to general federal and state law on copyrights and trade names." The appellants are mistaken in their construction of the statute as one granting a copyright. The appellants themselves are not prohibited the use of the phrase in their corporate titles, but we have previously said in this opinion the General Assembly was within the authority of its police power to regulate the use of the phrase "savings and loan" in advertisements by appellants and other Industrial Loan and Thrift companies having the phrase in their corporate titles.

(7) By their seventh assignment the appellants contend that the Chancellor should have declared the statute void on the ground that it is vicious class legislation and not a general law and that he was in error in failing to do so. As we have observed heretofore we do not regard

the Act as vicious class legislation or a denial of the complainants' rights to the equal protection of the laws. In *Motlow v. State*, 125 Tenn. 547, 145 S.W. 177, L.R.A. 1916F, 177, this Court citing as authority *Lindsley v. Natural Carbonic Gas Co.*, 220 U.S. 61, 31 S.Ct. 337, 55 L.Ed. 369, said:

"(1) The equal protection clause of the fourteenth amendment does not take from the state the power to classify in the adoption of police laws, but admits of the exercise of a wide scope of discretion in that regard, and avoids what is done only when it is without any reasonable basis, and therefore is purely arbitrary. (2) A classification having some reasonable basis does not offend against that clause merely because it is not made with mathematical nicety, or because in practice it results in some inequality. (3) When the classification in such a law is called in question, if any state of facts reasonably can be conceived that would sustain it, the existence of that state of facts at the time the law was enacted must be assumed. (4) One who assails the classification in such a law must carry the burden of showing that it does not rest upon any reasonable basis, but is essentially arbitrary."

We overrule the seventh assignment of error.

(8) The eighth assignment is that the Chancellor erred in failing to declare the Act void for vagueness. The Act is not vague. Its meaning is entirely clear and we accordingly overrule this assignment.

Having disposed of appellants' eight assignments of error and having overruled all of them, we affirm the Chancellor's decree at the cost of the appellants.

DYER, CHIEF JUSTICE, and CHATTIN, CRESON, and HUMPHREYS, JUSTICES, concur.

McCANLESS, JUSTICE, not participating.