**FILED**

**July 10, 2018**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time: 4:00 P.M. EASTERN**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT KNOXVILLE

| | |
|---|---|
| ERIK COOPER, <br>         **Employee,** <br> **v.** <br> **TRAGEDY GIRLS PICTURES, LLC,** <br>         **Employer,** <br><br> **AMERICAN INSURANCE CO.,** <br>         **Carrier,** <br> And <br> **ABIGAIL HUDGENS, Administrator** <br> for the **BUREAU OF WORKERS'** <br> **COMPENSATION** and <br> **SUBSEQUENT INJURY FUND.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | **Docket No. 2017-03-0889** <br><br><br><br><br><br> **State File No. 84603-2017** <br><br><br><br><br> **Judge Lisa A. Lowe** |

---

## EXPEDITED HEARING ORDER
### *(DECISION ON THE RECORD)*

---

This matter came before the undersigned workers' compensation judge on Mr. Cooper's Request for Expedited Hearing. He requested medical and temporary disability benefits. However, the preliminary issues of this Court's jurisdiction and an election of remedies defense overshadowed the benefits question. [1]

For the reasons below, the Court holds Mr. Cooper is likely to prevail in establishing Tennessee has jurisdiction because the contract for hire was made in Tennessee. However, the Court also holds that Mr. Cooper is unlikely to prevail in a hearing on the merits on the issue of election of remedies because he elected to seek benefits under California workers' compensation law.

---

[1] The parties filed many pleadings, most recently Mr. Cooper's motion for leave to present impeachment evidence of Anthony Holt's affidavit. The Court denies his motion, as he had ample time to provide information he wished the Court to consider. Additionally, the Court determines the impeachment evidence is not determinative of the central jurisdiction issue.

## History of Claim

Gayle Ocheltree and John Frick worked for TGP on a movie to be filmed in Kentucky. Mr. Cooper knew them personally and professionally. On July 22, 2016, Mr. Frick called Mr. Cooper and offered him employment with TGP as a payroll clerk. Mr. Cooper received the call and accepted the offer while attending a baseball game in Tennessee. Afterward, he was copied on an email from Ms. Ocheltree to TGP employee Savannah Cyree, in which Ms. Ocheltree provided Mr. Cooper's contact information and arrival details, and she requested Ms. Cyree obtain a hotel room for him. Ms. Cyree then emailed Mr. Cooper the following: "Hey Erik, Welcome to the team!! We got you a room . . . with the rest of the team[.]" Mr. Cooper responded that he was glad to join the team.

On July 24, before Mr. Cooper left Tennessee, Ms. Ocheltree and Mr. Frick called him and requested that he purchase specific office equipment and supplies for the production accounting office. Mr. Cooper bought the items in Tennessee. He paid for them, anticipating reimbursement on delivery.[2]

Later that day, Ms. Ocheltree and Mr. Frick called Mr. Cooper again and directed him to join them, the production team, and the actors in Lexington, Kentucky for dinner, which he did. Afterward, Mr. Cooper followed Ms. Ocheltree and Mr. Frick to the production office in Springfield, Kentucky. On arrival, they introduced Mr. Cooper to other production employees and showed him the desk where he would work. Mr. Frick then instructed Mr. Cooper to retrieve the office equipment and supplies. On his third or fourth trip, while carrying a box weighing approximately fifty-two pounds, he felt pain in his left shoulder, bilateral forearms, elbows, wrists, and hands.

Mr. Cooper notified Mr. Frick about his injury/pain. The next morning, he woke with "excruciating left shoulder pain and numbness in both arms." He went to the production office and began processing new hire paperwork, including a crew deal memo. Mr. Cooper worked from 7:30 a.m. until 11:00 p.m. On July 26, Mr. Cooper reported his worsening condition to Mr. Frick, who gave him a California workers' compensation claim form. On July 27, after resigning due to the pain and before returning to Tennessee, Mr. Cooper completed the California workers' compensation claim form and gave it to Mr. Frick. Mr. Cooper did not receive any follow-up communications from TGP about his claim, so he emailed TGP on October 14 requesting contact information for the workers' compensation carrier. TGP provided the information for its insurance broker, who submitted the claim to the carrier on November 23.

On February 28, 2017, Mr. Cooper sent a letter to the claims adjuster requesting benefits "in accordance with California workers' compensation statutes." Mr. Cooper copied the California State Division of Workers' Compensation on the letter. The carrier filed a Notice of Denial, which, under California law, allowed either party to request a Qualified Medical Evaluation (QME) with an independent medical examiner. Mr. Cooper

---

[2] TGP ultimately reimbursed Mr. Cooper for the equipment and supplies.

requested a QME. He selected the QME physician and attended the exam. The physician found that his left shoulder injury "is industrial in causation," while his bilateral forearm and hand injuries are "non-industrial in causation," and "industrial exposure at most exacerbated symptoms related to cervical spine radiculopathy, carpal tunnel syndrome and cubital tunnel syndrome." He assigned a three-percent impairment rating.

With regard to jurisdiction, Mr. Cooper claimed he is a dual resident of Tennessee and California. He stated he maintains a residence in Gatlinburg, Tennessee, and in Santa Monica, California, but does not own property in either state. He testified that he suspended his attempt to receive benefits in California and elected to pursue Tennessee benefits based on TGP's defense that California lacks subject matter jurisdiction. In his affidavit, Mr. Cooper argued that Tennessee has jurisdiction and denied actively pursuing benefits in California.

TGP/SIF argued that, on the date of injury, Mr. Cooper neither owned nor rented any real estate in Tennessee but rented a California apartment with Mr. Frick. TGP/SIF relied on Mr. Cooper's affidavit executed on October 14, 2017, and filed in a California personal injury case. The affidavit contained the following relevant to jurisdiction:

- I am a resident of the State of California. I have been a resident of the State of California since 2009. I spend most of my time in the State of California.
- My principal residential address is . . . Santa Monica, California.
- At no time since 2009 have I moved from California to any other state . . . my intent of making California my true, fixed, permanent home and principal establishment. The State of California is the place where I have the closest connections.
- My parents own a non-primary residence in Gatlinburg, Tennessee. When I travel to Tennessee, I often stay at this property until returning to my residence in California.
- I neither own nor rent any residential or commercial real estate in Tennessee . . . or any state other than . . . California.
- In July 2016, I was injured on the job in Kentucky while working on a film production. I filed a workers' compensation insurance claim for my injuries. The claim was filed in the state of California based [on] my place of residence. The claim remains active today.
- I have never filed nor paid any income tax in any state other than California.

TGP/SIF also noted that on July 27, 2016, Mr. Cooper sent a letter to Mr. Frick and Ms. Ocheltree providing written notice of his workers' compensation claim, stating, "For jurisdictional purposes, as allowable, I choose California as my beneficiary state." Further, in his October 14 letter to TGP, Mr. Cooper noted if he did not receive a

3

response by October 21, "I will understand you do not intend to respond and will then proceed in filing a claim directly with the State of California Department of Industrial Relations, Workers' Compensation Division." Mr. Cooper also sent a May 23, 2017 letter to the carrier seeking reimbursement for his travel expenses for the QME. TGP/SIF averred that Mr. Cooper took affirmative action under California's workers' compensation law by applying for a QME, submitting to the QME examination, seeking reimbursement for QME-related expenses, and making numerous demands for California benefits. Thus, he is precluded from recovering benefits under Tennessee law.

Additionally, TGP argued Mr. Cooper's contract of hire was not made in Tennessee because execution of the crew deal memo was an absolute condition precedent to formation of a contract of hire. TGP relied on the affidavit of Anthony Holt, which stated:

> Execution of the crew deal memo is an absolute condition precedent prior to any crew member providing contracting services for . . . TGP. Therefore, Mr. Cooper would not be considered a crew member or an independent contractor of the production until he executed the required paperwork, which was maintained in Springfield, Kentucky.

## Findings of Fact and Conclusions of Law

Mr. Cooper need not prove every element of his claim by a preponderance of the evidence to obtain relief at an expedited hearing. Instead, he must present sufficient evidence that he is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2017); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

### *Subject Matter Jurisdiction*

Tennessee Code Annotated section 50-6-115(b)(2) states that an employee who is injured while working outside Tennessee and who would have been entitled to worker's compensation benefits if the injury had occurred in Tennessee may receive those benefits if, at the time of the injury:

> (A) The employment was principally localized within this state; (B) The contract of hire was made in this state; or (C) If at the time of the injury, the injured worker was a Tennessee resident and there existed a substantial connection between this state and the particular employer and employee relationship.

No one disputes the potential applicability of subsection (A) or (C) because Mr. Cooper's employment activities occurred in Kentucky and TGP had no connection to Tennessee. The issue is whether Mr. Cooper's contract for hire was made in Tennessee.

Mr. Frick and Mr. Cooper testified that Mr. Frick offered Mr. Cooper the position over the telephone and Mr. Cooper accepted the position in Tennessee on July 22. That same day, Ms. Ocheltree copied Mr. Cooper on an email to Ms. Cyree providing his social security number and contact information, and requesting that she book a hotel room for him. Ms. Cyree responded, "Welcome to the team!! We got you a room . . . with the rest of the team." Mr. Cooper replied that he was glad to join the team. On June 23, Mr. Cooper emailed Ms. Cyree saying it was great to join the production and he shared his contact information. Ms. Cyree advised that she booked his room.

Mr. Frick and Mr. Cooper testified that, at Mr. Frick's and Ms. Ocheltree's request, Mr. Cooper purchased office equipment and supplies and brought them to Kentucky. Mr. Frick also asked Mr. Cooper to meet other crew members for dinner in Lexington. Following dinner, Mr. Cooper went to the production office and began to carry in the supplies. While doing so, he sustained his alleged injury.

The Tennessee Supreme Court addressed contracts for hire created by phone calls in *Tolley v. Gen. Accident, Fire & Life,* 584 S.W.2d 647 (Tenn. 1979). In *Tolley,* the employee, a resident of Missouri, called the employer in Tennessee seeking employment at a job site in Arkansas. During the call, the employer agreed to an hourly rate of pay and notified the job superintendent to expect the employee on the job site the next day. The Supreme Court held that a contract of hire was made in Tennessee, triggering the extraterritorial application of the Tennessee Workers' Compensation Law. The Court stated that "where an acceptance of an offer [of employment] is given by telephone, it is generally held that the place of contracting is where the acceptor speaks his acceptance." The Court reached similar conclusions in *Matthews v. St. Paul Property & Liability Ins.,* 845 S.W.2d 737 (Tenn. 1992), and *Duncan v. Royal Ins. Co.,* No. W1998-00093-WC-R3-CV, 1999 Tenn. LEXIS 662 (Dec. 15, 1999). In *Matthews* and *Duncan,* the Tennessee Supreme Court held that the employments were not principally located in Tennessee but the contracts for hire were made within the state.

The Court reached a different conclusion in *Perkins v. BE & L, Inc.,* 802 S.W.2d 215, 216 (Tenn. 1990), where a Florida company contacted via telephone a Tennessee employee regarding employment in Virginia. After the employee received information about the job opening, he went to Virginia to complete an application before beginning to work. *Id.* Similarly, in *Russell v. Transco Lines, Inc.,* No. E2015-02509-SC-R3-WC, 2017 Tenn. LEXIS 393 (June 20, 2017), an Arkansas company contacted a Tennessee husband and wife concerning their previous employment inquiries. The company called to inform them that a position was available and that their "pre-application" documents and records were approved. *Id.* at *4. The company claimed that they must come to Arkansas to attend a three-day orientation, complete the hiring paperwork, and pass drug tests and physicals. *Id.* at *4-5. The Tennessee Supreme Court held in *Perkins* and *Russell* that the contracts for hire did not occur in Tennessee because each had to travel to

different states to complete the hiring process before becoming employees.[3] In *Perkins*, the only occurrence in Tennessee was the employer's call informing the employee of a job opening. *Id.* at 216. The Court held that "[s]uch notification does not constitute a contract for hire with the meaning of T.C.A. § 50-6-115(b)(2)." *Id.*

TGP argued this case is similar to *Perkins* and *Russell* because it conditioned Mr. Cooper's employment on his execution of a crew deal memo when he reached the job site in Kentucky. However, the facts in this case more closely align with *Tolley*. Here, after his acceptance by phone, Ms. Ocheltree notified Ms. Cyree of Mr. Cooper's information and when he would arrive, and she instructed her book a hotel room for him. Then Ms. Cyree sent Mr. Cooper an email welcoming him to the team. Ms. Cyree's email did not indicate that Mr. Cooper had to complete paperwork before a final hiring determination. TGP's argument also fails because Mr. Frick and Ms. Ocheltree directed him to purchase office supplies *before* his arrival in Kentucky. Additionally, they directed Mr. Cooper to attend a dinner with crew members on his arrival and to unload the equipment. TGP did not ask him to execute a crew deal memo until July 25. Applying *Tolley* to these facts, the Court holds that Mr. Cooper's contract of hire was made in Tennessee and this Court has jurisdiction.

*Election of Remedies*

Having found jurisdiction, the Court now addresses application of the election of remedies doctrine.

An employee may be barred from receiving workers' compensation benefits under Tennessee law through the election of remedies doctrine. The test is if the employee "(a) affirmatively acted to obtain benefits in another state; or (b) knowingly and voluntarily accepted benefits under the law of another state." *Eadie v. Complete Co.*, 142 S.W.3d 288, 291 (Tenn. 2004). The election of remedies doctrine is "designed to prevent forum shopping, vexatious litigation, and double recovery for the same injury." *Id.* Further, "the circumstances of each case must be considered in determining whether the employee has made a binding election." *Perkins*, 802 S.W.2d at 217. Here, the issue is whether Mr. Cooper affirmatively acted to obtain benefits from another state.

In *Perkins*, the Court noted that the employee stated in an affidavit that "he never intended to be bound by or accept the law of the state of Virginia concerning any benefitsto which [he] was entitled." *Id.* The Court found that he elected to receive benefits under Virginia law and was, therefore, preclude from collecting Tennessee benefits. Specifically, the Court found that, "[i]f the employee has taken any *affirmative* action to seek a recovery under the law of that state . . . he may well be precluded by this election and may not be entitled to proceed in Tennessee." *Id.* (Emphasis added.)

---

[3] The Court also held that both employments were principally conducted outside of Tennessee.

Here, Mr. Cooper took affirmative actions to seek workers' compensation benefits under California law. In a July 27, 2016 letter, he stated, "[f]or jurisdictional purposes . . . *I choose California as my beneficiary state.*" (Emphasis added.) Further, in Mr. Cooper's October 14, 2016 letter, he stated, "I will understand you do not intend to respond and *will then proceed in filing a claim directly with the State of California* Department of Industrial Relation, Workers' Compensation Division." (Emphasis added.) He then applied for a QME under California law to acquire benefits. The QME physician evaluated Mr. Cooper and assigned an impairment rating. Under *Perkins*, the statements in these letters and the affirmative action of pursuing benefits and undergoing a QME evidence that Mr. Cooper elected California, not Tennessee, law. Mr. Cooper's actions satisfy part (a) of the test for determining election of remedies application. In *Russell*, the employees signed a workers' compensation jurisdictional clause for Arkansas in their hiring paperwork; however, during compensation proceedings, the employees sought to reject Arkansas jurisdiction in favor of Tennessee law. *Russell*, 2017 Tenn. LEXIS at *23-24. The Court found that the employees, by making their position against Arkansas jurisdiction known to the insurer and employer early, had "satisfactorily demonstrated their objection to proceeding under Arkansas law." *Id.*

Mr. Cooper recently began seeking benefits under Tennessee law—not because he did not want to proceed under California law but because TGP argued that California lacks jurisdiction. Unlike *Russell*, Mr. Cooper did not object to seeking benefits under California law. Further, even if this Court were to find Mr. Cooper had objected to the application of California law, this objection did not occur at an early stage in the claim.

Based on the foregoing, the Court holds Mr. Cooper is likely to prevail in establishing this Court has jurisdiction because the contract for hire was made in Tennessee. However, the Court additionally holds that Mr. Cooper is unlikely to prevail on the issue of whether his Tennessee claim is barred under the doctrine of election of remedies because he affirmatively elected to pursue workers' compensation benefits in California.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Cooper's claim is denied at this time.

2. This matter is set for a Scheduling Hearing on **August 25, 2018, at 10:00 a.m. Eastern Time**. The parties must call (865) 594-0091 or (toll-free) (855) 543-5041 to participate in the Scheduling Hearing. Failure to appear by telephone may result in a determination of the issues without your further participation.

**ENTERED** July 10, 2018.

**LISA A. LOWE, JUDGE**
**Court of Workers Compensation Claims**

## APPENDIX

Technical Record:

1. Petition for Benefit Determination
2. Dispute Certification
3. Order Denying Employer's Motion to Compel Responses to Written Discovery and Motion to Compel medical Releases, January 25, 2018
4. Order, March 5, 2018
5. Request for Expedited Hearing
6. Joint Notice of Objection to Request for Expedited Hearing, Motion to Bifurcate, and Motion for Discovery Order
7. Employee's Response to Joint Notice of Objection, Employee Objection to Joint Motion to Bifurcate, and Employee's Objection to Motion for Discovery Order
8. Order Granting Motion to Bifurcate, Denying Request for In-Person Expedited Hearing, and Denying Motion for Discovery Order
9. Order Denying Motion to Compel Discovery and Expenses, April 18, 2018
10. Joint Filing of Evidence and Table of Contents
11. Employer/Carrier's and Subsequent Injury Fund's Joint Response to Request for Expedited Hearing
12. Employee's Reply to Employer/Carrier and Subsequent Injury Fund's Joint Response to Employee's Request for Expedited Hearing
13. Order Denying Joint Motion to Exclude, April 19, 2018
14. Order Denying Employee's Motion for Contempt, April 20, 2018
15. Order Denying Employee's Motion to Exclude Tragedy Girls Production and Subsequent Injury Fund's Response to Request for Expedited Hearing, April 25, 2018
16. Order Denying Employee's Motion to Exclude Tragedy Girls Production and Subsequent Injury Fund's Request for Expedited Hearing, April 28, 2018
17. Order Staying Filings of Pleadings, April 26, 2018
18. Employer/Carrier's and Subsequent Injury Fund's Supplemental Response to Employee's Request for Expedited Hearing, May 4, 2018
19. Employee's Motion for Leave and Motion to Strike Employer/Carrier's and Subsequent Injury Fund's Supplemental response to Employee's Request for Expedited Hearing, May 7, 2018
20. Order Granting Employee's Motion for Leave, May 8, 2018

8

21. Employee's Response to Employer/Carrier and Subsequent Injury fund's Supplemental Response to Employee's Request for Expedited Hearing, May 15, 2018
22. Employee's Motion for Leave and Notice of Impeachment Evidence Sworn Testimony Provided to the Court by Employer/Carrier and Subsequent Injury Fund Witness Anthony Holt, June 7, 2018

Exhibits:

1. Affidavit of Erik Cooper, October 14, 2017
2. Affidavit of Erik Cooper, March 2, 2018
3. Declaration of Erik Cooper, April 3, 2018
4. Declaration of Erik Cooper, April 10, 2018
5. Affidavit of Charles Nave, II
6. Affidavit of John C. Frick, February 6, 2018
7. Affidavit of John C. Frick, May 14, 2018
8. Affidavit of John C. Frick, June 7, 2018
9. Declaration of John C. Frick
10. Written Statement of John C. Frick, September 1, 2017
11. Affidavit of Anthony Holt
12. State of California Qualified Medical Evaluator's Findings Summary Form, Unrepresented Injured Employee Case Only, June 12, 2017
13. California Workers' Compensation Claim Form, DWC-1
14. Crew Deal Memo, Independent Contractor, June 30, 2016
15. Correspondence from John C. Frick regarding Lease Agreement, April 28, 2014
16. Correspondence from John C. Frick re Agreed Annual Rent Increase, April 24, 2017
17. Correspondence to Division of Workers' Compensation–Medical Unit, Oakland, California, March 12, 2017
18. Correspondence to John Frick, July 27, 2016
19. Correspondence to John Frick regarding choice of California as beneficiary state for jurisdictional purposes, July 27, 2018
20. Correspondence to Tragedy Girls Pictures, October 14, 2016
21. Page 3 of Correspondence of Erik Cooper regarding voluntary termination, September 2, 2016
22. Correspondence to Attorney David Owen, August 21, 2017
23. Correspondence to Attorney David Owen, September 5, 2017
24. Correspondence to Attorney David Owen, October 13, 2017
25. Excerpt of Deposition Transcript of Erik A. Cooper, April 24, 2017, Bates-stamped *E. Cooper 58-72*
26. Email Communications between Erik Cooper and Supervisor, Gayle Ocheltree, July 13-July 27, 2016

27. Email Communication between Erik Cooper and Savannah Cyree, July 22-24, 2016
28. Email Communications between Erik Cooper and Various Tragedy Girl Production Contacts, August 20-October 7, 2016
29. Email Communications between Erik Cooper and Peggie Leidelmeijer, February 22-July 21, 2017
30. Erik Cooper v. David Bruce Leichenger, Superior Court of the State of California, for the County of Los Angeles-Central District, Case No. BD640636
31. Erik Cooper v. Frank D. Barberio, Circuit Court of Sevier County, Tennessee, Docket No. 15-CV-883IV
32. Non-Union Payroll Report
33. Detail Payroll Journal of John C. Frick
34. Media Services Pay Stubs for John C. Frick

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Expedited Hearing Order was sent to the following recipients by the following methods of service on July 10, 2018.

| Name | Mail | Fax | Email | Service sent to: |
|------|------|-----|-------|------------------|
| Erik Cooper, Self-Represented Employee | X | | X | Erik Cooper P.O. Box 1413 Gatlinburg, TN 37738 CooperErik@aol.com |
| Stephen B. Morton, Employer's Attorney | | | X | stephen.morton@mgclaw.com |
| Lindsay Hall, SIF Attorney | | | X | lindsay.n.hall@tn.gov |

**PENNY SHRUM, COURT CLERK**
**wc.courtclerk@tn.gov**

10