Ben West, Mayor of Nashville,

*v.*

Industrial Development Board of City of Nashville
et al.

(*Nashville,* December Term, 1959.)

Opinion filed February 5, 1960.

ROBERT H. JENNINGS, JR., City Attorney, Nashville, for appellant.

WHITE, GULLETT, PHILLIPS & STEELE, Nashville, for Appellee and ALLISON B. HUMPHREYS, Solicitor General, for GEORGE F. McCANLESS, Attorney General.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The Chancellor upheld the constitutionality of the Act in question and this appeal resulted.

The original bill for a declaratory judgment was filed by Ben West, in his official capacity as Mayor of the City of Nashville, against the Industrial Development Board of the City of Nashville and the Attorney General

of Tennessee, to determine the rights of complainant to execute a certain lease agreement with the defendant, The Industrial Development Board, an industrial corporation organized under T.C.A. Sections 6-2801 through 6-2820, as amended by Chapter 222 of the Public Acts of 1959.

The Industrial Board proposed to the City of Nashville that it lease a certain tract of land from the City on which it would erect certain improvements and then release or sublet the improved premises to Genesco, Inc., and for the world-wide headquarters of Genesco. Genesco has at this time plants and offices in many locations in the United States and abroad.

The construction of the improvements on the leased premises would be financed through the issuance and sale of bonds of the Industrial Board in accordance with T.C.A. Sections 6-2809, 6-2810. It was not proposed that the City would pledge its full faith and credit as surety for the payment of said bonds as provided in T.C.A. Section 6-2812, but rather the bonds would be the obligation solely of the Industrial Board, as provided in T.C.A. Section 6-2810.

The proposed lease was approved by the board of directors of the Industrial Board and approved by the Mayor and City Council of Nashville.

The Mayor filed his original bill and challenged the constitutionality of Chapter 210 of the Public Acts of 1955.

The Chancellor entered a memorandum opinion sustaining the demurrers, and entered a declaratory judgment to the effect that the statutes in question are valid

and constitutional and that the complainant, in his official capacity as Mayor of Nashville, has the right and legal duty to execute the proposed lease agreement between the City and the defendant, Industrial Board.

It is contended that "The Act" violated Article II, Section 17 of the Constitution. This contention is without merit. The various provisions of the act are all germane to the object and purpose of the act, and therefore, the act is not broader than its caption.

The act is not in violation of Article II, Section 28 of the Constitution because the property in question is held by the city for a public and/or corporation purpose. Even though the Industrial Board is a separate corporate entity, the pleadings show that it is a mere agency or instrumentality of the municipality.

The stated and obvious purpose of the act in question is to promote industry and develop trade to provide against low wages and unemployment. Such a purpose is public in nature under conditions existing in this State at the time of the enactment of the law and at the present time. See *McConnell v. City of Lebanon,* 203 Tenn. 498, 314 S.W.2d 12.

Since the Industrial Board is an agency or instrumentality of the City of Nashville, it is created and holds property for a public purpose of that city. See *Foster v. Roberts,* 142 Tenn. 350, 219 S.W. 729, 9 A.L.R. 431.

The question appearing in *McConnell v. City of Lebanon,* supra, does not arise here since no municipal pledge of the full faith and credit of the City of Nashville is

made to secure the revenue bonds to be issued by the Industrial Development Board.

Section 12 of "the Act" T.C.A. Section 6-2812 authorizing the pledging of municipal credit as surety is not properly before the Court.

The decision here is controlled, we think, by our case of *Holly v. City of Elizabethton,* 193 Tenn. 46, 241 S.W.2d 1001, 1005, in which it is said:

> "In reaching the conclusion above stated, we have left out of consideration the question of whether subsection (1) of Section 4 of Chapter 137 must be construed as authorizing by necessary implication a municipality to levy taxes for the purpose of acquiring such industrial building. We have also not considered whether this subsection is unconstitutional insofar as it may authorize by implication the levying of such tax. These two questions with reference to subsection (1) are pretermitted because those questions are not before the Court in this case in which no taxes are to be levied for the acquirement, etc., of this industrial building, or for the payment of bonds issued for that purpose."

As held in *Holly v. City of Elizabethton,* supra, the Industrial Development Board of Nashville is an instrumentality or agency of the City of Nashville. It is contended by appellant that the borrowing of money by said defendant and the leasing of real property involved, to an industrial lessee would constitute a lending of the credit of the City of Nashville to the lessee without the referendum required by Article 2, Section 29 of the Constitution. We find this contention without merit.

Quoting further from *Holly v. City of Elizabethton,* supra, it follows:

"Bonds issued and a lease made only in accordance with the above mentioned provisions of the statute do not constitute a lending of the credit of the municipality to a private corporation. The money is borrowed through the use of these bonds for the purpose of acquiring or building an industrial building which the City shall continue to own after the rental income has paid for it and which building shall be leased to a private industrial concern for such length of time and for such rentals as are necessary to pay these bonds, principal and interest, as the same become due."

Article 2, Section 29 of the State Constitution requires a municipal referendum only in cases where the credit of the City is to be given or loaned to or in aid of a person, company, association, or corporation.

In no sense of the word can it be said that the credit of the City of Nashville is given or loaned to or in aid of Genesco in the transaction involved in the case before us. The bonds are to be retired out of revenues from the project. Under no circumstances could a tax be levied by the City to retire any part of them.

We have considered all assignments of error, find them without merit and the decree of the Chancellor upholding the constitutionality of the act in question is affirmed.