The Industrial Development Board of County of Sevier, etc., et al., Complainants-Appellees,

*v.*

First U.S. Corporation et al., Defendants-Appellants.

407 S.W. 2d 457.

(*Nashville,* December Term, 1965.)

Opinion filed September 20, 1966.

GEORGE E. BARRETT, Nashville, and R. B. HAILEY, Sevierville, for appellants.

THOMAS F. JOHNSON, of counsel, ARMSTRONG, ALLEN, BRADEN, GOODMAN, MCBRIDE & PREWITT, Memphis, for appellees.

MR. JUSTICE DYER delivered the opinion of the Court.

The Defendants-Appellants appeal from the order of the Chancellor overruling its demurrer and sustaining the original bill. In this case we are pleased to adopt the excellent opinion of the Chancellor as the opinion of this court. The Chancellor's opinion is as follows:

This is a suit for a declaratory judgment to determine the constitutionality of Chapter 344, Public Acts of Tennessee 1965, which is an amendment to Sec. 6-2801 et seq., Tennessee Code Annotated. The complainants are (1) The Industrial Development Board of the County of Sevier, Tennessee a duly organized industrial development corporation under Sec. 6-2801 through 6-2820 Tennessee Code Annotated, and (2) Gatlinburg Planetarium, Inc., a private corporation for profit. The defendant, First U.S. Corporation, is a private Tennessee corporation, engaged in the business of buying and selling bonds, debentures, etc.

The Planetarium planned on developing for operation a planetarium and space museum for commercial, recreational and educational purposes in Gatlinburg, Tennessee. It had extensive negotiations with the co-complainant Industrial Board whereby The Planetarium would operate its planetarium and/or museum at Gatlinburg in Sevier County, Tennessee, under a lease agreement with the Industrial Board. The complainants in their negotiations ascertained that the operation of a planetarium in Gatlinburg would accomplish the following public benefits: (1) Provide additional employment on a year-round basis for people of Sevier County, (2) provide an institution of great educational value, (3) provide entertainment and a recreational facility of the resort town of Gatlinburg, (4) become a part of the Industrial Board's current industrial expansion program.

The negotiations between the complainants resulted in a determination that the financing of the project would require a bond issue of approximately $1,325,000.00. Discussions and correspondence was had with the defendant, First U.S. Corporation concerning said Corporation purchasing the bonds, and First U.S. Corporation agreed to purchase the approximate $1,325,000.00 Revenue Bonds, contingent upon the enactment by the Legislature of the State of Tennessee, of an amendment to the said Industrial Act whereby planetariums would be included under the definition of project as defined in said act. It was the understanding of The Planetarium that upon enactment of the proposed amendment, First U.S. Corporation would immediately commit itself to purchase the said Revenue Bonds. The planetarium secured the passage of the amendment which amendment included under the definition of "project", "any planetarium and/or museum." After the amendment to the Act, the Industrial Board authorized and directed its attorneys "to secure a binding commitment from the defendant, First U.S. Corporation" to purchase the bonds. When such binding commitment was requested, First U.S. Corporation advised the Industrial Board that it could not proceed with the purchase of the bonds, "or make any binding commitment" because the amendment to the Industrial Bond Act was unconstitutional in the opinion of its bond counsel. First U.S. Corporation asserts that the amendment to the act is unconstitutional because; (1) The financing of a planetarium and/or museum is not for a public purpose; (2) the employment to be created thereby is largely indirect: (3) the proposed project is not industrial within the ambit of the act and the amendments; and (4) the amendments are not sufficient to empower the Industrial Board to issue and sell said bonds.

It is also alleged that The Planetarium, relying upon its "discussions and understanding" with the Industrial Board and First U.S. Corporation, "has expended large sums of money, made various binding contracts and obligations with engineers, consultants, etc., and has made various commitments to proceed" with the construction of the proposed planetarium.

The Industrial Board avers that it has, through its Board of Directors, committed itself to The Planetarium to furnish the facilities for the proposed project and that it has a real interest in the controversy because of the proposed expenditure of funds.

There is exhibited to the bill the letter of the Industrial Board's attorney to First U.S. Corporation requesting its binding commitment to buy the bonds (Exhibit "B"); and also the reply of First U.S. Corporation declining to give said commitment (Exhibit "C"). The letter of First U.S. Corporation refers to its commitment to purchase the bonds outlined in its letter to The Planetarium dated January 15, 1965, and points out one of the conditions thereof as being:

"2". Our Bond Counsel, Chapman and Cutler of Chicago, Illinois, accepting the amendment to be constitutional so as to permit their issuance of an unqualified legal opinion on these bonds."

The commitment letter of First U.S. Corporation dated January 15, 1965, which was apparently addressed to The Planetarium, is not exhibited and is not a part of the record in this cause.

First U.S. Corporation's letter of August 20, 1965, expresses its continued willingness to purchase the bonds in accordance with its commitment, but declines to sub-

mit a proposal for the purchase of the bonds until the specified condition of an unqualified opinion from its bond counsel has been made.

First U.S. Corporation has filed a demurrer to the original bill upon the following grounds:

1. The bill fails to state a cause of action against the defendant.

2. The bill fails to state a cause of action for a declaratory judgment under the statutes of the State of Tennessee.

3. The Court does not have jurisdiction over the subject matter of the bill.

4. The questioned amendment is unconstitutional for other reasons assigned.

At the hearing of this cause the Court raised the question of the existence of a justiciable issue. The case of *West v. Industrial Development Board of the City of Nashville,* 206 Tenn. 154, 332 S.W.2d 201, appears applicable. In that case, the Mayor and City Council of Nashville had approved a proposed lease of certain property owned by the City to the Industrial Development Board, which in turn would sub-lease the property to Genesco, Inc., for the building of its worldwide headquarters. The action of the Mayor and City Council had authorized the Mayor to execute the lease on behalf of the City, but subject to an opinion of the City's Law Director as to its legality. The City Law Director had rendered an opinion to the Mayor that the authorized lease was not legal because the same was not authorized by the Constitution and laws of the State of Tennessee. The Mayor thereupon brought suit for a declaratory

judgment. The parties in the *West* case and the parties hereto seem to be in very similar positions.

■ Both the complainants and the defendant have a real and material interest in the declaration sought, since the complainants cannot sell their bonds if the amendment to the act is unconstitutional and since the defendant, as a potential bond buyer, would be adversely affected by the unconstitutionality of the amendment.

The only real constitutional question raised by the demurrer is:

1. The financing of a planetarium and/or museum is not for a public purpose.

The brief of the defendant in support of its demurrer refers only to Article II, Section 17, of the Constitution of Tennessee, being relied upon in support of the contended unconstitutionality of the amendment in question. Article II, Section 17 is the constitutional provision containing the requirements for the caption of acts of the Legislature, and it is argued in defendant's brief that this section of the Constitution is violated because of a multiplicity of subject matter, which is prohibited by Article II, Section 17, of the Constitution of Tennessee.

■■ The caption of the amendatory act meets the requirements of captions under settled decisions of Tennessee. Our courts have held that in captions of amendatory laws, a reference to the law to be amended by its section number of the Code wherein codified is sufficient compliance with Article II, Section 17, of the Constitution. *Gamble v. State,* 159 Tenn. 446, 19 S.W.2d 279; *Basham v. Southeastern Motor Truck Lines,* 184 Tenn. 532, 201 S.W.2d 678; *Pharr v. Nashville C. & St. L. Ry. Co.,* 186 Tenn. 154, 208 S.W.2d 1013. The caption of the

amendatory act in question refers to a section of the official annotated code of Tennessee to be amended and therefore meets all of the requirements of Article II, Section 17, under well-settled authorities hereinbefore cited.

■ It is then argued by demurrant that the statute in question contains a multiplicity of subject matter which is prohibited by Article II, Section 17. The subject matter of the amendatory act in question, Chapter 344, Public Acts of 1965, is the amendment to the definition of "project" in Sec. 6-2801 TCA by adding the words, "any planetarium and/or museum." The caption of the Industrial Development Corporation Act has already been held to be constitutional in the *West* case. The amendatory act is the act under attack here, and both its caption and its singularity of subject matter meet any and all tests previously laid down by the Constitution of this state for compliance with Article II, Section 17.

No issue is presented to the Court as to whether or not the financing of the project offends Article II, Section 28, of the Constitution.

However, it appears that the development of the subject in question would be for a public purpose, and that the act, under the authority of which the bonds would be issued, TCA Sec. 6-2811, does not violate Article II, Section 28, of the Constitution. *West v. Industrial Development Board, etc.*

■ The Court finds the development of a planetarium and/or museum in Gatlinburg is, to promote industry and develop trade to provide against low wages and unemployment. This being the case, the purposes of the financing of the project should be held to be "public" in all respects.

The amendatory act adopted by the Legislature was for the express purpose of including within the definition of authorized projects under the statute, ''a planetarium and/or museum.''

The Court finds that the act, as amended, expressly authorizes the development of a planetarium and/or musseum as one of the projects for which the corporate powers are conferred.

The original bill is sustained.

/s/ NED LENTZ, Chancellor

\*   \*   \*

The judgment of the Chancellor is affirmed.

BURNETT, CHIEF JUSTICE, CHATTIN and CRESON, JUSTICES, and WILLIAM J. HARBISON, JR., SPECIAL JUSTICE, concur.