**Nellie BREWER, Appellee,**

v.

**AETNA LIFE INSURANCE COMPANY, Appellant.**

Supreme Court of Tennessee.

Feb. 5, 1973.

Douglas Fisher, Nashville, for appellant.

W. S. Fleming, of Courtney, Trost, Leech & Hardin, Columbia, for appellee.

## OPINION

JOHN W. WILSON, Special Justice.

The parties will be designated as in the trial court; that is, the appellee Nellie Brewer, as plaintiff, and the appellant Aetna Life Insurance Company, as defendant. The plaintiff, suing as the widow of Vandon Ray Brewer, deceased, and in the capacity of administratrix of the estate of the decedent, filed this action to recover on a group life and accident insurance policy issued by the defendant insuring members

of the Columbia, Tennessee Fire Department, the deceased having been a member of the said Fire Department since April 10, 1966.

The trial court, sitting without the intervention of a jury, rendered judgment for the plaintiff for $3,000.00, the policy amount, plus a 25% penalty, for a total of $3,750.00. The defendant filed a motion for new trial which was overruled. The defendant excepted and an appeal was granted to this Court.

The case was heard upon a stipulation of facts and no other proof was offered. The stipulation of facts is as follows:

"The parties stipulate as follows:

Nellie Brewer is the widow and administratrix of the estate of her deceased husband, Vandon Ray Brewer.

On April 10, 1966 Mr. Brewer became a fireman for the City of Columbia, Tennessee, a municipal corporation. Prior to the commencement of work he underwent a physical examination and such examination failed to reveal any evidence of the disease of the lungs, to-wit, cancer, from which he subsequently died.

The last day on which Vandon Ray Brewer actually worked on his job with the City of Columbia was August 26, 1969. He died January 15, 1970. The cause of his death was cancer of the lung. The interval between the onset of the cancer of the lung which caused Mr. Brewer's death and the date of his death was more than a year.

Cancer of the lung is a disease.

The City of Columbia had a life and accident insurance policy insuring members of the Columbia Fire Department, this policy being defendant's group policy number VF–1345. The copy of the policy, heretofore filed in the technical record, is a true copy of the policy. The copy of the certificate of death, annexed to this stipulation and marked 'Exhibit

A' is a true copy of the certificate of death of Vandon Ray Brewer.

After the death of Vandon Ray Brewer, claim was duly made upon the defendant insurance company for death benefits stated in the policy, but the company denied liability and refused to pay. Thereafter the present suit was filed."

The declaration of the plaintiff, in addition to the facts covered in the stipulation, contains this averment:

"At the time of the decedent's employment with the City of Columbia there was in full force and effect the following statute of the State of Tennessee, codified and set out in Tennessee Code Annotated:

'6–639. *Firemen—Compensation for injury or death—Certain disabilities presumed to have been suffered in course of employment.*

Whenever the State of Tennessee, or any municipal corporation or other political subdivision thereof maintains a regular fire department manned by regular and full-time employees and has established or hereafter establishes any form of compensation, other than workman's compensation, to be paid to such firemen or fire fighters for any condition or impairment of health which shall result in loss of life or personal injury in the line of duty or course of employment, there shall be and there is hereby established a presumption that any impairment of health of such firemen caused by disease of the lungs, hypertension or heart disease resulting in hospitalization, medical treatment or any disability, shall be presumed (unless the contrary be shown by competent medical evidence) to have occurred or to be due to accidental injury suffered in the course of employment. Any such condition or impairment of health which results in death shall be presumed (unless the contrary be shown by competent medical evidence) to be a loss of life in line of duty, and to have been in the line and course of employ-

ment, and in the actual discharge of the duties of his position, or the sustaining of personal injuries by external and violent means or by accident in the course of employment and in the line of duty. Provided, however, that such firemen shall have successfully passed a physical examination prior to such claimed disability or upon entering upon his governmental employment and such examination fails to reveal any evidence of the condition or disease of the lungs, hypertension or heart disease.

It is hereby declared to be the legislative intent that this section is to be remedial in character and to permit and require any municipal corporation maintaining any permanent fire department heretofore created or created after the effective date of this section, to be covered by its provisions. (Acts 1965, ch. 299, Sec. I.)' "

The declaration was challenged by demurrer, which was overruled after the court allowed an amendment in the following language:

Said Section 6–639 states, in part, as follows:

"Any such condition or impairment of health which results in death shall be presumed . . . to be a loss of life . . . by accident in the course of employment and in the line of duty."

Plaintiff, therefore, avers that the death of the intestate on January 15, 1971, (sic, should be 1970) was, pursuant to said Section, an accident in the course of employment and in the line of duty. Plaintiff further alleges that the death and statutory accident were simultaneous and that, therefore, within ninety (90) days after the date of the accident, the decedent sustained loss of life, and his estate is hereby entitled to the principal sum specified in the policy of $3,000.00.

To the declaration as amended the defendant filed a lengthy and detailed plea. The plea, in essence, set out Aetna's de-fenses, which may be briefly summarized as follows:

(1) that the condition which caused Vandon Ray Brewer's death was not a condition for which the policy provides an indemnity;

(2) his death did not result from bodily injury sustained during the term of the policy solely through external, violent and accident means, while actually engaged in the performance of his duty;

(3) the policy provides death benefits are not payable if death is caused directly or indirectly, wholly or partly, by disease in any form;

(4) there was no accident occasioning the loss; the loss arose as the result of a disease;

(5) death did not occur within 90 days after an accident;

(6) death occurred more than 90 days after the last day the decedent worked on his job;

(7) the statutory presumption upon which the plaintiff relies is invalid because the Act creating it is broader than the caption;

(8) the Act does not even purport to be applicable to the present action as against this defendant;

(9) the declaration shows on its face that the condition from which Mr. Brewer died was present in his lung for longer than 90 days;

(10) there was no proof of any accidental bodily injury; even if this were overcome by the presumption, this does not obviate the necessity for an 'accident date' from which to begin counting the 90-day limitation;

(11) the statutory presumption is invalid insofar as it seeks to impair the contract, which was in force at the

time the presumption was created by statute;

(12) cancer is not a disease of the lungs in the sense of the statutory presumption upon which the plaintiff relies.

The defendant originally assigned four errors but the second assignment was withdrawn, leaving the following:

"The court erred in overruling the motion of the defendant to vacate the judgment rendered or in the alternative to grant it a new trial.

There was no evidence to support the judgment of the court or the findings of the court.

As to the penalty imposed, there was no evidence that the failure or refusal to pay was not in good faith and no evidence that the failure to pay inflicted additional expense, loss or injury upon the holder of the policy."

In the order entering judgment for the plaintiff the trial court, among other things, made the following findings:

"The Court further finds that this is a proper case to impose the penalty provided for in Section 56–1105 of Tennessee Code Annotated, as the Defendant failed to pay the loss for which the policy insured within sixty (60) days after a demand had been made and that refusal to do so was not in good faith and inflicted additional expense, loss and injury upon the Plaintiff.

.    .    .    .    .    .

The Court finds that the Decedent, plaintiff's intestate, was employed by the City of Columbia as a fireman on April 10, 1966, and that prior to the commencement of work he underwent a physical examination which failed to reveal any evidence of cancer of the lung.

The Court further finds that the City of Columbia maintains a regular fire department manned by regular and full time employees and had established and maintained since 1944 a form of compensation to be paid to firemen for any condition or impairment of health which resulted in loss of life in the line of duty or course of employment, the same being the insurance policy with the Defendant which is the subject of this suit.

The Court further finds that Vandon Ray Brewer, plaintiff's intestate, died on January 15, 1970, from cancer of the lung which he had contracted while employed as a fireman with the City of Columbia.

The Court finds further that under Section 6–639 of Tennessee Code Annotated a presumption was therefore, established that his death was a loss of life in line of duty, and to have been in the line and course of employment, and in the actual discharge of the duties of his position, and the sustaining of personal injuries by external and violent means or by accident in the course of employment in line of duty. No testimony having been introduced to rebut this presumption, the Court finds and holds that the loss of life of plaintiff's intestate therefore, resulted directly, and independently from all other causes, from bodily injuries sustained, solely through external violent and accidental means, while actually engaged in the performance of his duties as a fireman, that such loss of life was not caused, directly or indirectly, wholly or partially, by bacterial infection.

The Court further finds that although lung cancer may be defined as a disease, that under a proper construction of said Section 6–639 such disease of the lungs contracted by firemen is presumed to be an accidental injury and that death therefrom is an accidental death resulting from the sustaining of personal injuries by external and violent means or by accident."

An examination of the policy of insurance (Exhibit 1) discloses it was issued on July 21, 1944, for a period of twelve

months, effective May 12, 1944, and contained, among other things, the following:

" . . .

(a) that any volunteer member, in good standing, (herein individually called the 'insured member') of

CITY OF COLUMBIA VOLUN-
TEER FIRE DEPARTMENT

has sustained any of the losses listed in Part A, . . .; and

(b) that such loss resulted directly, and independently of all other causes, from bodily injuries sustained, during the term of this policy, solely through external violent, and *accidental means* while actually engaged in the performance of his duties as a volunteer fireman and member of the Fire Company (including bodily injuries so sustained while on duty at fires, while going to or returning from fires, while at fire drills or parades, or while at tests or trials of any of the apparatus normally or customarily used by the Fire Company); and

(c) that such loss was not caused, directly or indirectly, wholly or partly, (1) by bacterial infections (except pyogenic infections which shall occur through an accidental cut or wound) or (2) by disease in any form."

. . . . . .

Part A . . .

If, within ninety days after the date of the accident which caused the bodily injuries covered by this policy, and as a result thereof, the insured member sustains one of the losses listed in the next following table, the Insurance Company will pay the indemnity designated for such loss; . . .

In the Event of    The Indemnity will be
Loss of Life..    The Principal Sum"

. . . . . .

"While this policy is in full force and effect, the term may be extended for ad-

ditional periods of time by the payment to the Insurance Company at its Home Office, or to the Insurance Company's authorized agent, of premiums in amounts to be determined by the Insurance Company on each occasion of extension. . . ."

But for the enactment of the statute relied upon by the plaintiff (§ 6–639 T.C.A.), there could be no recovery on the part of the plaintiff on the policy sued upon. When the statute relied upon by the plaintiff, the same being Chapter 299 of the Public Acts of 1965, from which § 6–639 T.C.A. was taken, was enacted, it had the effect of writing the provision of the Act into the insurance contract involved in this litigation.

The appellant contends that the Act under investigation is unconstitutional, for two reasons: (1) that it violates Article I, Section 20 of the Tennessee Constitution, which provides that no retroactive law or law impairing the operation of a contract shall be made; and (2) that it violates Article II, Section 17 of the Constitution of the State of Tennessee, which provides that no Bill shall become a law which embraces more than one subject, that subject to be expressed in the title.

█ The statute under consideration creates a rebuttable presumption that a fireman who dies of a disease of the lungs, hypertension or heart disease, did so in the line of duty, and in the course and scope of his employment. The presumption is not a conclusive presumption and the defendant had the right to rebut it with medical proof if it so desired. The statute, in creating a rebuttable presumption, is declaring a rule of evidence and does not impair any vested rights of the defendant in the insurance contract.

In the case of Dark Tobacco Growers' Co-Op. Ass'n v. Dunn (1924) 150 Tenn. 614, 266 S.W. 308, on page 312, the Court said, on page 632 of the opinion:

"This rule has been approved by this court in Shields v. Land Co., 94 Tenn.

123, 147, 28 S.W. 668, 674, 26 L.R.A. 509, 45 Am.St.Rep. 700, where it was said: 'The constitutional provision upon which this contention is made is as follows: "That no retrospective law or law impairing the obligation of contracts, shall be made." Const.Tenn. article I, section 20.

'This does not mean that absolutely no retrospective law shall be made, but only that no retrospective law which impairs the obligation of contracts, or divests or impairs vested rights, shall be made . . . .

'It does not inhibit retrospective laws made in furtherance of the police power of the state; and, generally, it does not prohibit remedial legislation.' "

In the case of Marx v. Hanthorn (1893) 148 U.S. 172, 13 S.Ct. 508, 37 L.Ed. 410, the Supreme Court of the United States said:

"It must be evident that the right to have one's controversies determined by existing rules of evidence is not a vested right. These rules pertain to the remedies which the state provides for its citizens, and, generally in legal contemplation, they neither enter into and constitute a part of any contract, nor can they be regarded as being of the essence of any right which a party may seek to enforce. Like other rules affecting the remedy, they must, therefore, at all times be subject to modification and control by the legislature; and the changes which are enacted may lawfully be made applicable to existing causes of action, even in those states in which retrospective laws are forbidden."

The Supreme Court of the United States, speaking further in Marx v. Hanthorn, supra, stated:

"Courts of high authority have held that mere rules of evidence do not form part of contracts entered into while they are in force, and that it is competent for the legislature to, from time to time,

change the rules of evidence, and to make such change applicable to existing causes of action."

■ We are of the opinion that the statute in question does not violate Article I, Section 20 of the Tennessee Constitution.

As state above, the defendant further contends that the Act violates Article II, Section 17.

The caption of Chapter 299 of the Public Acts of 1965, from which § 6–639 T.C.A. is taken, provides as follows:

"An Act to provide for a presumption that the impairment of health by lung disease, hypertension or heart disease of Firemen or Fire Fighters regularly employed by the State of Tennessee, any county, city, municipal or other governmental agency in the State of Tennessee shall be presumed to have occurred, suffered or arose out of and in the course of duty of such employee."

■ We are of the opinion that the title of this Act gives fair and adequate notice and states, generally, what is in the Act itself. The title of the Act states it is the intention to create a presumption and that the presumption is fairly stated in the caption of the Act.

In the case of Fort Sanders Presbyterian Hospital et al. v. Health and Educational Facilities Board of County of Knox et al. (1970) 224 Tenn. 240, 453 S.W.2d 771, the Court quoted approvingly from Mayor and Aldermen of Knoxville v. Gass (1907) 119 Tenn. 438, 104 S.W. 1084, as follows:

"The generality of the title is no objection to it, so long as it is not made a cover to legislation incongruous in itself, and which, by no fair intendment, can be considered as having a necessary or proper connection. Cannon v. Mathes, 8 Heisk. 504, 519 [504]."

In the case of West v. Industrial Development Board of City of Nashville (1960)

**512**

206 Tenn. 154, 332 S.W.2d 201, the Court, in considering whether an Act violated Article II, Section 17 of the Constitution, said this:

"It is contended that 'The Act' violated Article II, Section 17 of the Constitution. This contention is without merit. The various provisions of the act are all germane to the object and purpose of the act, and therefore, the act is not broader than its caption."

We are of the opinion that the Act in question does not violate Article II, Section 17 of the Constitution of the State of Tennessee.

We have copied hereinabove all of the material findings of fact made by the trial judge in his order of judgment and, with one exception which is noted hereinafter, we agree with the findings and conclusion of the trial court.

We do not agree with the trial court in which he finds that the plaintiff is entitled to recover a 25% penalty, as provided in Section 56–1105 of the Tennessee Code Annotated. This is a case of first impression in this state and we are of the opinion that the defendant had a right to have a ruling made on the question involved without incurring a penalty. We are of the opinion that the defendant was not acting in bad faith, which is essential before the penalty can be imposed. Beets v. Inter Ocean Casualty Company (1929) 159 Tenn. 564, 20 S.W.2d 1040.

The assignment of error which questions the awarding of a 25% penalty, or the sum of $750.00, is sustained, and the judgment of the trial court is modified so as to eliminate the sum of $750.00 awarded as a penalty, and is otherwise affirmed.

The costs are assessed against the defendant.

DYER, C. J., and CHATTIN, HUMPHREYS and McCANLESS, JJ., concur.