**SMALL WORLD, INC., and McClure's Stores, Incorporated, Plaintiffs-Appellants,**

v.

**INDUSTRIAL DEVELOPMENT BOARD OF the CITY OF TULLAHOMA, Tennessee, et al., Defendants-Appellees.**

Court of Appeals of Tennessee, Middle Section.

Dec. 3, 1976.

Certiorari Denied by Supreme Court March 7, 1977.

Thomas A. Wiseman, Jr., Chambers & Wiseman, Nashville, for plaintiffs-appellants.

James H. Henry, Henry & McCord, Tullahoma, for defendants-appellees.

## OPINION

### The Case

SHRIVER, Presiding Judge.

This is an appeal by the plaintiffs below from a decree entered by Chancellor Earl

H. Henley, sitting by designation in the Chancery Court of Coffee County, which decree sustained the motion of defendants for a summary judgment and dismissed the complaint.

The Pleadings and Proceedings Below

The bill of complaint, filed April 30, 1976, recites that the plaintiff, Small World, Inc., is a Tennessee corporation located in the City of Tullahoma and is engaged in the retail business of selling ladies and childrens clothes and specialty items; that plaintiff, McClure's Stores, Incorporated, is a Tennessee corporation with its principal offices in Nashville, Davidson County, Tennessee, and is engaged in the business of retail sales of general merchandise through a chain of retail stores located principally in Tennessee, one of which is in the City of Tullahoma.

It is averred that the defendant, Industrial Development Board of the City of Tullahoma, Tennessee is a public, non-profit corporation organized and existing under the laws of Tennessee and is established pursuant to the provisions of Section 6–2801, et seq., T.C.A.

The bill of complaint names the individual members of the Industrial Development Board of Tullahoma as defendants but they were dismissed as unnecessary parties.

The complaint alleges, and the record shows that on December 30, 1975 the defendant, Industrial Development Board, hereinafter referred to as the Board, or defendant, entered into an Inducement Contract with Mercantile Stores Company, Inc., a Delaware corporation, copy of which contract is attached as Exhibit "A" to the bill, and that said contract states that said Company proposes to construct and equip a retail store and related facilities on a tract of land located in the City of Tullahoma. Pursuant to the contract, the Board has agreed that it will authorize the issuance of first mortgage revenue bonds in an amount sufficient to reimburse the Company for the entire cost of the project site and equipment, including financing costs, etc. The bonds to be issued would purportedly be authorized by the provisions of 6–201, et seq., T.C.A.

It is further averred that the aforesaid Company operates under the name "Castner-Knott" which is a trade name of a chain of department stores located in various parts of Tennessee.

It is averred that a significant portion of the retail business of Castner-Knott consists of sales of ladies and childrens clothes and speciality items and of general merchandise; that the facility intended to be constructed with the proceeds of the bond issue is to be located in a shopping center to be known as Northgate Mall in Tullahoma; that the net effect of the proposed arrangement would be to very substantially reduce the cost to the retail establishment of its facilities and equipment, which such reductions are not available to the plaintiffs.

It is pointed out that the Inducement Contract above referred to states that, as a result of the proposed development, a total of one hundred and twenty new jobs would be created for the community but the Development Board has made no finding to the effect that this would constitute one hundred and twenty new jobs as opposed to one hundred and twenty jobs at the expense of those generally available in the retail trade in Tullahoma.

It is averred that the land securing the first mortgage revenue bonds to be issued by the Board would be owned by the Board and is, therefore, tax exempt; however, such property is not to be used exclusively for public purposes. It is further averred as follows:

"The undertaking by the Company with the Board to pay amounts in lieu of taxes does not say that the property itself is exempt from taxes. The plaintiffs would show to the Court that this violates Article II, Section 28 of the Tennessee Constitution.

The Plaintiffs would further show that the act of the Board in issuing said bonds would be violative of Article, I, Section 8 and Article XI, Section 8 of the Tennessee Constitution as creating unreasonable

class benefits to one class of retailer in contravention of the rights and privileges of other retailers, including these plaintiffs."

The prayers of the bill are:

(1) For process.

(2), (3), (4), (5), (6) and (7) pray for an injunction against the Board and its members, restraining them from issuing the proposed bonds as being in violation of Sections 6–2801 and 6–2802, T.C.A., and Article I, Section 8, Article II, Section 28, and Article XI, Section 8 of the Constitution of Tennessee.

(8) That in the event the bonds are issued, they be declared void as in violation of the statutes and Constitution of Tennessee.

(9) For general relief.

The answer of the defendants admits the statistical data set forth in the bill of complaint but denies the other material allegations of the bill wherein the proposed bond issue and the project involved herein are alleged to be in contravention of the statutes and Constitution of Tennessee.

The defendants filed their motion for summary judgment on May 26, 1976, pursuant to Rule 56, Tennessee Rules of Civil Procedure, seeking dismissal of the bill of complaint on the ground that there is no genuine issue as to any material fact and that defendants are entitled to a judgment as a matter of law.

The foregoing motion is supported by the affidavit of Charles B. Alexander, Executive Director of the Industrial Development Board of Tullahoma, wherein he recites that in 1968 a study was made and prepared by the Tullahoma Regional Planning Commission with the assistance of Sanders and Associates Consulting City Planners of Atlanta, Georgia, a copy of which report is made Exhibit "A" to the affidavit.

It is stated in the affidavit that the report, Exhibit "A", reflects that the Tullahoma merchants were losing three out of every four dollars primarily to major department stores in other cities and that there existed a critical need for Tullahoma to have its own major department store; that

at a community meeting it was decided to form a committee to invite a large department store to open a branch in Tullahoma.

The affidavit goes into some detail about negotiations which eventually resulted in Mercentile Stores, Inc., (Castner-Knott) entering into negotiations which resulted in the proceedings which are the subject of this lawsuit.

Several letters and items of correspondence relating to the subject are included as exhibits. The Minutes of the meeting of the defendant Industrial Board are also exhibited.

An amendment to the answer of defendants was filed July 21, 1976, pursuant to leave granted by the Court, wherein it is averred that the proposed bonds will be paid solely from the revenues to be derived from the lease of the commercial facility to Mercantile Stores, Inc., and that in no sense can it be said that the credit of the City of Tullahoma is given in aid of Mercantile Stores, Inc., in the subject transaction, and that under no circumstances could a tax be levied by the City of Tullahoma to retire any part of the bonds.

In response to the motion for summary judgment, the plaintiffs assert that not only are serious questions of law presented by the pleadings in this cause, but that there are questions of fact upon which diverse proof will be presented and the counter-affidavit of Sam Goldberg is attached, setting forth some of the questions which are said to be in dispute.

The affidavit of Mr. Goldberg asserts that he has had over twenty years experience as a retail merchant in Tullahoma and disputes the allegation that three out of every four dollars is being lost by Tullahoma merchants to department stores in other cities. He denies the need for a department store in Tullahoma and states:

"This affiant, therefore, denies the basic premise and inducing reason for the bond issue."

The cause came on to be heard before Chancellor Earl H. Henley on the 17th of June, 1976 upon the original complaint, mo-

tion for summary judgment filed by the defendants, together with supporting affidavits and a counter-affidavit filed by the plaintiffs, argument of counsel and the entire record, at the conclusion of which the Chancellor took the cause under advisement and, thereafter, on July 9, 1976, issued a Memorandum Opinion sustaining the motion in all respects. Said decree, entered on July 14, 1976, among other things, recites:

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court that the motion for summary judgment heretofore filed in this cause by the defendants be and the same is hereby sustained and plaintiffs' suit is accordingly dismissed.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the defendants be and they are hereby permitted to proceed with the issuance of the bonds as described in the pleadings."

The costs are assessed to the plaintiffs and an appeal granted.

### Chancellor's Memo Opinion

The Chancellor, in a well reasoned and exhaustive opinion, describes the parties to the suit and sets out the pertinent parts of the bill of complaint and the answer thereto.

Among other things, the opinion recites, in response to the insistence of plaintiffs that the Inducement Contract involved here is in violation of Article I, Section 8 of the Constitution of Tennessee:

"Although there is no decision within our jurisprudence which has made a determination of the Industrial Bonds Act, under this provision of the Constitution; nevertheless, the Court is of the opinion that the use of such bonds does not violate the Constitution. The Court sees no property right of which plaintiffs are being deprived."

He then addresses himself to the proposition insisted upon by plaintiffs that the issuance of the bonds in question is in violation of Article XI, Section 8 of the Constitution of Tennessee, and states:

"There is no reason to conclude that the defendants are in a different category than the plaintiffs in this cause. The plaintiffs have the same right to petition for industrial funds as the defendants had. In view of this, there can be no violation of the Constitution in this respect.

In reality, the Court finds no real issue that involves the Constitution which have not already been decided by either *West v. Industrial Development Board*, 206 Tenn. 154, 332 S.W.2d 201 or *Industrial Development Board v. First U.S. Corporation*, 219 Tenn. 156, 407 S.W.2d 457."

The Chancellor then discusses the insistence by plaintiffs that the proposed project fails to fulfill the purpose of the Industrial Development Bond Act, Section 6–2802, T.C.A., et seq. He then quotes from that section and concludes:

"From the liberal construction that the Act demands and the liberal construction which has been given the Act by our previous decisions, this Court is of the opinion that the proposed project fulfills the purpose of the Industrial Bonds Act. Jobs are provided by retail establishments just as they are provided in the manufacturing process, and service is necessary to a community for its common good. It appears to this Court that the Legislature intended such result. It is true that there are conflicts of facts in this cause, but under the provisions of the Act, they are not facts which govern the issue. After reviewing the allegations and the documents which are filed, it is the opinion of the Court that the defendants have fully complied with the legislative act, and it is, therefore, held that the Summary Judgment should be sustained in all respects. The defendants shall be permitted to proceed with the bond issue.

Thus the 9th day of July, 1976.

/s/ Earl H. Henley, Chancellor"

### Assignment of Error

There is a single assignment, as follows:

"The learned Chancellor erred in sustaining the motion for summary judgment when there were material facts in dispute as evidenced by the pleadings, the affidavit and counter-affidavit."

## Our Conclusions

As is seen from the foregoing assignment, the single question for decision on this appeal is whether the pleadings, together with the affidavits and exhibits thereto, raise a material issue of fact for determination by the Court, or, whether, as the Chancellor concluded, the record here presents only a question of law for decision by the Court.

The overriding question presented by this lawsuit is simply whether or not a department store, such as Castner-Knott which is engaged in selling merchandise at retail, is covered by the Tennessee statutes, Chapter 28 of the Code, entitled "Industrial Development Corporations" and the definitions and provisions therein contained in the original act, as amended and set forth in the supplement to Volume 2A of the Code.

Section 6–2801, T.C.A., et seq., comprising the Industrial Development Corporation Act contains definitions which, in pertinent part provide that it applies to:

".  .  . Any industry for the manufacturing, processing or assembling of any agricultural or manufactured products; *any commercial enterprise in selling, providing, or handling any financial service or in storing, warehousing, distributing or selling any* products of agriculture, mining, or industry  .  .  .."

'Enterprise' shall mean the manufacturing, processing, assembling, commercial and service operations to be carried on with the facilities of a project." [emphasis supplied]

Section 6–2802, T.C.A., entitled "*Purposes of Chapter,*" states that the intention of the Legislature by the passage of this chapter is to authorize:

".  .  . the incorporation in the several municipalities in this State of public corporations  .  .  . to promote industry and develop trade by inducing manufacturing, industrial, governmental, educational and commercial enterprises to locate in or remain in the State and further the use of its agricultural products and natural resources."

It is then provided:

"The statement of public policy set forth in Section 3 of Chapter 209 of the Public Acts of 1955 is hereby incorporated into and made a part of this chapter."

In an examination of said 1955 Act, we find that it states that the declared purpose of the Act is to do that which the State welfare demands and the State public policy requires. It further states that it is to alleviate the problems of unemployment and to raise family income and to provide a means by which the citizens of the community may promote and develop industry in their area so as to obtain a balanced economic development highly essential to the welfare of the State, and to promote the development of commercial, industrial, agricultural and manufacturing enterprises by the several municipalities so as to be given local benefits peculiar to each and general benefits to the entire State.

When we consider the real question to be determined in this lawsuit, we do not find that the statements in the pleadings and the affidavit of Mr. Goldberg raise any material questions of fact for determination by the Court and we agree with the Chancellor that the genuine issue in this suit is one of law and the application of the law to the admitted facts.

In *Holly v. City of Elizabethton*, 193 Tenn. 46, 241 S.W.2d 1001, it was held that the issuance of revenue bonds for construction and lease of an industrial building was at least incidentally for a public purpose and was valid although it resulted in promotion of a private corporation.

In *McConnell v. City of Lebanon*, 203 Tenn. 498, 314 S.W.2d 12, among other things, the Court held that an act of the Legislature will be upheld if it can be justified upon any rational ground. It was further held that the Industrial Building Bond Act of 1955, as applied to the City which

contracted with a foreign corporation for a lease with renewal privileges of a building to be constructed with the proceeds of bonds authorized by the Tennessee Industrial Development Commission and the Building Committee which, after a full hearing made necessary findings required by the Act and authorized the issuance and sale of $350,000.00 worth of bonds, did not violate the constitutional provisions of Article II, Section 29 of the Tennessee Constitution which prohibits a municipality from giving or lending its credit to a private corporation in view of the purpose of the Act to attract industry to the State and in view of the purpose to avoid the evils of low wages and unemployment.

In *West v. Industrial Development Board of Nashville*, 206 Tenn. 154, 332 S.W.2d 201, the Supreme Court of Tennessee held that the Industrial Development Act was not violative of the constitutional section requiring all property to be taxed since the property in question was held by the City for a public or corporation purpose within the exception, citing T.C.A. § 6–2801 to § 6–2820, and Article II, Section 28 of the Tennessee Constitution.

Referring to the Act in question, the Court held that the purpose of the Act of promoting industry and developing trade to provide against low wages and unemployment was a public purpose.

In *Industrial Development Board of Sevier County v. First U.S. Corp.*, 219 Tenn. 156, at 163, 407 S.W.2d 457, at 460 (1966), the Court said:

> "The Court finds the development of a planetarium and/or museum in Gatlinburg is to promote industry and develop trade to provide against low wages and unemployment. This being the case, the purposes of the financing of the project should be held to be public in all respects."

It was further held by the Court that since the development of the subject in question would be for a public purpose, the Act, T.C.A. Sec. 6–2811, under the authority of which the bonds would be issued, does not violate Article II, Section 28 of the Constitution.

■ While counsel for appellant does not specifically assign as error the Chancellor's action in holding that the Inducement Contract involved here does not violate the Constitution of Tennessee, he so insists in his brief and argument, hence, we have responded to this insistence. We are of opinion that the arguments of counsel for plaintiffs to the effect that the action of the Industrial Board, as it applies to its stated purpose in the case under consideration, violates certain provisions of the Constitution of Tennessee, must be rejected and that the conclusions reached by the Chancellor in his Memorandum Opinion, hereinabove referred to and quoted from, are correct and are concurred in by us.

■ We are also of the opinion, as above stated, that the Chancellor was correct in concluding that the primary and essential question involved here is one of law and that the pleadings and affidavits do not present material questions of fact for determination by the Court.

Essentially, the plaintiffs seek to have the Court "second guess" the Tullahoma Industrial Board as to the need and the importance of attracting another retail outlet in Tullahoma and to have us adopt the *opinions* expressed by the plaintiffs and by Mr. Goldberg who gave his affidavit in support of plaintiffs' position, as facts in contradiction of the combined and corporate judgment and official acts of the Development Board as recorded in its resolution which is made a part of the record herein.

As hereinabove indicated, we do not agree with this position but we do concur in the conclusion of the Chancellor in this regard.

It results that the assignment of error is overruled and the judgment of the Chancellor is affirmed.

AFFIRMED.

TODD, and DROWOTA, JJ., concur.